UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVARISTO NAVARRO RODRIGUEZ<br><br>                        Petitioner,<br>     v.<br>TIM GARRETT, *et al.*,<br><br>                        Respondents. | Case No. 3:20-cv-00691-MMD-CLB<br><br>ORDER |

      Petitioner Evaristo Navarro Rodriguez has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. He has also paid the filing fee; therefore, his application to proceed in forma pauperis is denied as moot. The Court has reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on Respondents.

      A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

      Petitioner has also submitted a motion for appointment of counsel. (ECF No. 5.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, Rodriguez is serving a lengthy sentence, and it is not entirely clear whether the legal issues he seeks to raise are complex. Thus, in order to ensure due process, the Court grants Rodriguez's motion for counsel.

It is therefore ordered that Petitioner's application to proceed in forma pauperis (ECF No. 4) is denied as moot.

It is further ordered that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 1-1) on Respondents.

It is further ordered that the Clerk of Court add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents, and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 5) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner.

It is further ordered that the Clerk of Court electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner in these proceedings.

It is further ordered that after counsel has appeared for Petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED THIS 27th Day of January 2021.

_____
MIRANDA M. DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT