UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| EVARISTO NAVARRO RODRIGUEZ, | Case No. 3:20-cv-00691-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, *et al.*, | |
| Respondents. | |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Nevada state prisoner Evaristo Navarro Rodriguez. On January 27, 2021, this Court granted Petitioner's motion for counsel and appointed the Federal Public Defender to represent Petitioner in this action. (ECF No. 9.) On February 24, 2021, Alicia R. Intriago and Jonathan Kirshbaum of the Federal Public Defender's Office appeared as co-counsel on behalf of Petitioner. (ECF Nos. 12, 13.)

The FPD has filed a motion for leave to file a first-amended protective petition. (ECF No. 14.) Counsel for Rodriguez explains that the limitations period may expire on or about March 2, 2021. Rodriguez therefore seeks leave to file a first-amended petition in order to ensure that all claims counsel has identified are timely preserved for federal review.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In deciding whether to grant leave, a court may consider any "bad faith," "undue delay," or previous amendments on the part of the petitioner; any potential "prejudice to

the opposing party"; and the potential "futility" of the amended pleading. *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004).

The motion for leave to file a first-amended petition is granted. Because counsel require time to conduct investigation and research, the Court also grants the motion for a scheduling order for the filing of a second-amended petition.

The Court now sets a schedule for further proceedings in this action.

It is therefore ordered that Petitioner's motion for leave to file a first-amended petition (ECF No. 14) is granted.

It is further ordered that the Clerk of Court detach and file the first-amended petition (ECF No. 14-1).

It is further ordered that Petitioner's motion for scheduling order (ECF No. 15) is granted.

It is further ordered that counsel for Petitioner meet with Petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Petitioner, as fully as possible, the potential grounds for habeas corpus relief in Petitioner's case; and (c) advise Petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action, and that the failure to do so will likely result in any omitted grounds being barred from future review.

It is further ordered that Petitioner has 90 days from the date of this order to file and serve on Respondents a second-amended petition for writ of habeas corpus.

It is further ordered that Respondents have 45 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum

fashion, in multiple successive motions to dismiss, or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss, not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that, when Respondents file an answer or other responsive pleading, Petitioner will have 30 days after service of the answer or responsive pleading to file and serve his response.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed also must be identified by the number or numbers of the exhibits in the attachment.

///

///

///

///

///

///

///

It is further ordered that, at this time, the parties send courtesy copies of any responsive pleading and all indices of exhibits only to the Reno Division of this Court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the Court.

DATED THIS 1st Day of March 2021.

_____
MIRANDA M. DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT