UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVARISTO RODRIGUEZ, | Case No. 3:20-cv-00691-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, *et al.*, | |
| Respondents. | |

Petitioner Evaristo Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the Court on his motion for discovery. (ECF No. 19 ("Motion").) Respondents opposed, and Petitioner replied. (ECF Nos. 22, 23.) As discussed below, the Motion is denied.

**I.    BACKGROUND**

A jury convicted Petitioner of false imprisonment with a deadly weapon, discharging a firearm at or in a vehicle, being an ex-felon in possession of a firearm, and assault with a deadly weapon. (Exhibit ("Exh.") 1.)[1] The convictions arose from an incident where four friends were getting into their truck in a casino parking garage when two men and two women, all Hispanic, approached, yelling insults. (ECF No. 17 at 9-11.) The group surrounded the truck, blocking its exit. The driver got out and ran toward one of the men who was dressed in black. The man wearing black discharged a pistol into the air and then shot between two of the men who had exited the truck. Three of the four in the truck testified at trial, stating that one Hispanic man was dressed in tan and the one with the gun was dressed in black. Reno police responded and followed Petitioner as he drove his vehicle out of the casino parking garage. Police officers initiated a traffic stop and

---

[1] Exhibits referenced in this order are exhibits to Petitioner's first-amended petition, ECF No. 17, and Petitioner's motion for discovery, ECF No. 19, and are found at ECF Nos. 14 and 20.

handcuffed Petitioner and the female in the passenger seat. They searched the vehicle and found a black shirt and the firearm under the passenger seat.

The state district court adjudicated Petitioner a habitual criminal and sentenced him to four consecutive terms of 8 to 20 years. (Exh. 1.)

## II. MOTION FOR LEAVE TO CONDUCT DISCOVERY

Petitioner seeks an order requiring the Washoe County District Attorney's Office to provide his counsel with a complete copy of the discovery it disclosed to defense counsel during Petitioner's state criminal proceedings. (ECF No. 19 at 2.) Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. *See* 520 U.S. at 904 & 909. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in the discovery. 520 U.S. at 908-09. The Ninth Circuit, consistent with *Bracy* and *Harris*, has held that habeas discovery is appropriate in cases where the discovery sought only might provide support for a claim. *See, e.g.*, *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). *See also Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (9th Cir. 2008), *rev'd on other*

2

*grounds*, *District Attorney's Office v. Osborne*, 557 U.S.52 (2009) (in discussing its precedent in *Jones* as to habeas discovery, the Ninth Circuit reinforced the point that a court should allow discovery that, as emphasized by the Court of Appeals, only "may establish" a factual basis for the petitioner's claim). At the same time, a simple fishing expedition cannot provide the good cause sufficient to justify discovery. *See Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011).

Here, the Court granted Petitioner's motion for appointment of counsel, and counsel filed a first-amended protective petition before the statute of limitations expired. (ECF No. 17.) In his Motion, Petitioner states that his primary trial attorney, Lee Hotchkin, did not provide his file to any of the attorneys who subsequently represented Petitioner in state court and that Hotchkin then destroyed the case file. (ECF No. 19 at 3.) Therefore, Petitioner seeks an order directing the attorney general to provide him with the discovery that was provided to his trial counsel.

Respondents oppose the Motion, arguing that Petitioner's request is overbroad, that he fails to establish good cause and that the request is premature. (ECF No. 22 at 2-4.) They contend that the discovery request is not linked to specific claims in the petition and that Petitioner fails to demonstrate what discovery is missing and how that missing discovery relates to his claims. Thus, Respondents urge that this is an impermissible fishing expedition. They argue that the request for the district attorney's files is overly broad and could include confidential work product. Finally, Respondents insist that this Court's review of the claim should be limited to the record as it existed before the Nevada Supreme Court because "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

In his reply in support of his Motion, Petitioner points out that his protective petition raises nine grounds of ineffective assistance of trial counsel. (ECF No. 23 at 2.) He asserts that to evaluate whether these claims have merit, he needs to review the materials

that his trial attorney received from the district attorney. Petitioner contends that this discovery is not premature and does not per se violate *Pinholster*. (*Id.*)

The protective petition indeed asserts several claims of ineffective assistance of trial counsel. (*See* ECF No. 17 at 34-51.) In brief, Petitioner contends that his counsel failed to:

- communicate with Petitioner and adequately conduct pre-trial investigation and preparation;

- investigate the co-defendant who allegedly was the actual shooter and subpoena her for trial;

- prepare for cross-examination of a witness who identified Petitioner as the shooter for the first time during trial;

- object to a detective's testimony that video showed Petitioner was the shooter;

- proffer a jury instruction regarding whether shooting a firearm in the air constitutes assault with a deadly weapon;

- request a limiting instruction regarding testimony that Petitioner was arrested the night of the shooting because he was not arrested for any of the charges for which he was on trial;

- object to a State witness' testimony as to the contents of a video;

- secure available material witness for trial;

- secure a ballistics expert for trial.

However, Petitioner fails to specifically identify what discovery he seeks or to tie any such discovery to particular claims. His Motion sets forth no specific allegations that could show reason to believe that "the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Harris*, 394 U.S. at 300. Petitioner's insistence that he needs the discovery to evaluate the merits of his claims generally appears to be just the sort of fishing expedition that courts have held fails to establish good cause. *See Kemp*, 638 F.3d at 1260; *see also Rich v. Calderon*, 187 F.3d 1064, 1067-1068 (9th Cir.

4

1999) (noting that in habeas proceedings discovery is only available "in the discretion of the court and for good cause shown" and is not "meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence.") (internal citations omitted). Petitioner has not demonstrated good cause to authorize discovery here. The Motion is denied.

## III. CONCLUSION

It is therefore ordered that Petitioner's motion for discovery (ECF No. 19) is denied as set forth in this order.

It is further ordered that Petitioner's first and second motions for extension of time to file a second-amended petition (ECF Nos. 18, 21) are both granted. Petitioner must file the amended petition within 45 days of the date of entry of this order.

DATED THIS 28th Day of February 2022.

MIRANDA M. DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT