UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVARISTO NAVARRO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>JOHN HENLEY, *et al.,*<br><br>Respondents. | Case No. 3:20-cv-00691-ART-CLB<br><br>ORDER |

This habeas corpus action was stayed on October 31, 2024, to allow Petitioner Evaristo Navarro Rodriguez, who is represented by appointed counsel, to complete a state habeas corpus action before proceeding with this case. (ECF No. 85.) On December 29, 2026, Rodriguez filed a motion to lift the stay and reopen this case, in which his counsel states that the state court action has concluded. (ECF No. 86.) Respondents did not respond to that motion. The Court will grant Rodriguez's motion, will lift the stay and reopen the case, and will set a schedule for further proceedings.

It is therefore ordered that Petitioner's Motion to Reopen (ECF No. 86) is granted. The stay of this action is lifted. The Clerk of the Court is directed to reopen the case.

It is further ordered that, under Federal Rule of Civil Procedure 25(d), John Henley is substituted for Tim Garrett as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

It is further ordered that the following schedule will govern further proceedings in this case:

1. Third Amended Petition.  Petitioner will have 30 days from the date of entry of this order to file a third amended petition for writ of habeas corpus.

1

2.  Response to Petition.  Respondents will have 60 days following the filing of a third amended petition to file an answer or other response to the third amended petition.

3.  Reply and Response to Reply.  Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

4.  Briefing of Motion to Dismiss.  If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

5.  Discovery.  If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

6.  Evidentiary Hearing.  If Petitioner wishes to request an evidentiary hearing, Petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript

is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents shall file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 17th day of January, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3